UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TYRONE LAMAS HITCHCOCK, )
 )
    Petitioner, )
 )
v. ) No. 2:23-CV-00179-DCLC-CRW
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Tyrone Hitchcock's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1], the United States's Response in Opposition [Doc. 6], and Mr. Hitchcock's Reply [Doc. 12].[1] For the reasons herein, the Court will deny Mr. Hitchcock's motion.

**I. BACKGROUND**

In 2021, a grand jury indicted Mr. Hitchcock on multiple charges under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., and on firearms charges. [Indictment, Doc. 1, at 1–4, No. 2:21-CR-00060-1-DCLC-CRW].[2] He later entered into a plea agreement with the United

---

[1] Mr. Hitchcock also filed a document that he styles as a "Supplemental Memorandum of Law" [Doc. 8], but it contains no legal arguments. Instead, it is an affidavit in which he attests to the allegations underlying his claim of ineffective assistance of counsel.

[2] In the indictment, the United States alleged that Mr. Hitchcock had at least one prior conviction for a serious drug felony and that it subjected him to an enhanced penalty under 21 U.S.C. §§ 841 and 851. [Indictment at 3–4]. The United States, however, ultimately did not file the requisite notice of enhancement under § 851. Section 851(a) states: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

States under Federal Rule of Criminal Procedure 11(c)(1)(C),[3] [Plea Agreement, Doc. 27, No. 2:21-CR-00060-1-DCLC-CRW], and he pleaded guilty to conspiring to distribute a kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846, [*id.* at 1]. In exchange for his guilty plea, the United States agreed to dismiss the remaining charges against him in the indictment. [*Id.*].

The plea agreement's factual basis states that law-enforcement officers conducted five controlled buys with Mr. Hitchcock for quantities totaling 0.48 grams of heroin, 0.38 grams of heroin, 0.37 grams of heroin, 0.30 grams of heroin, and 0.39 grams of heroin. [*Id.* at 4, 5, 6, 7]. The factual basis also states that law-enforcement officers later executed a search warrant at his apartment, where they found and seized "280 grams of heroin (with fentanyl, ketamine, and Tramadol mixed in)," "[a]pproximately 600 grams of heroin," and "295.89 grams of heroin with fentanyl," in addition to several firearms and ammunition. [*Id.* at 9–10]. And lastly, the factual basis states that law-enforcement officers executed a second search warrant at another apartment where he had lived, and they found and seized more drugs. [*Id.* at 11]. Mr. Hitchcock agreed that was responsible for conspiring to distribute 1,861.04 total grams of heroin. [*Id.* at 11]. He further agreed that "he conspired with others to distribute the heroin seized in this case." [*Id.* at 12].

At sentencing, his total offense level was 33 and his criminal history category of V, and they yielded an advisory guidelines range of 210 to 262 months' imprisonment. [PSR, Doc. 37, ¶ 81, No. 2:21-CR-00060-1-DCLC-CRW]. The parties, however, agreed in the plea agreement under Rule 11(c)(1)(C) that the appropriate sentence was 290 months' imprisonment—above

---

[3] Rule 11(c)(1)(C) allows the United States "to agree that a specific sentence or sentencing range is the appropriate disposition of the case," Fed. R. Crim. P. 11(c)(1)(C), but a plea agreement under Rule 11(c)(1)(C) requires the Court's approval, Fed. R. Crim. P. 11(c)(3)(A).

the advisory guidelines range. [Plea Agreement at 12]. The Court thoroughly questioned them about why it should accept the plea agreement, noting it would "force the Court to give [Mr. Hitchcock] five more years than what the Guidelines even call for."[4] [Sent'g Hr'g Tr., Doc. 56, at 14:12–14, No. 2:21-CR-00060-1-DCLC-CRW]. In advocating for the Court to accept the plea agreement, the parties explained that they had negotiated it as a global resolution of both the federal charges and state charges that were pending in Sullivan County, Tennessee, and in Michigan. [*Id.* at 12:23–25, 13:1–2, 14:20–21]. The charges in Sullivan County were for drug offenses arising out of the same conduct that comprised Mr. Hitchcock's federal charges. *See* [PSR ¶¶ 17, 19, 56, 57, 82]. According to the parties, the prosecutor in Sullivan County informed them that he intended to pursue a sentence in Sullivan County that ran consecutive to Mr. Hitchcock's federal sentence and the sentence in Michigan, [*id.* at 10:22–24, 11:10–11], unless Mr. Hitchcock received a sentence "more than 24 years" on the federal charges, [*id.* at 20:24–25, 21:1, 23:10–11].

The Court accepted the plea agreement and sentenced Mr. Hitchcock to 290 months, [J., Doc. 50, at 2, 2:21-CR-00060-1-DCLC-CRW], determining that, as "a global settlement of state and federal charges together," "it's justifiable if he's looking at multiple jurisdictions, multiple punishments, consecutive on top of consecutive."[5] [Sent'g Hr'g Tr. at 25:11–12, 25:20–22]. Otherwise, he "will face, you know, 75 years in prison," the Court said. [*Id.* at 25:23–24]. Mr. Hitchcock did not appeal the Court's sentence. Now, he moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States opposes his motion.

---

[4] Under USSG § 6B1.2(c)(2)(A), the Court may accept a plea agreement under Rule 11(c)(1)(C) if it is satisfied that "the agreed sentence is outside the applicable guideline range for justifiable reasons."

[5] Mr. Hitchcock was, at the time, thirty-seven years old.

Having carefully reviewed and considered Mr. Hitchcock's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. Legal Standard

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). The legal standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994))). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

"A prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

4

fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). To obtain relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the [underlying] proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. To discharge this burden, a petitioner must allege sufficient facts showing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," he will not receive an evidentiary hearing.[6] *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

---

[6] Although Mr. Hitchcock maintains that "[a]n evidentiary hearing is required in this matter," [Pet'r's Mot. at 16], the record, for the reasons that the Court will go on to articulate, conclusively shows that he is not entitled to relief, and a hearing is therefore unnecessary.

5

### III. ANALYSIS

In pursuing relief under § 2255, Mr. Hitchcock brings a single claim of ineffective assistance of counsel. He maintains that his attorney was ineffective because she gave him inaccurate advice while he was considering whether to accept the United States's plea offer, and if not for her inaccurate advice, he would not have pleaded guilty. [Pet'r's Mot. at 15]. Specifically, he claims that his attorney wrongly advised him that, while serving his custodial sentence, he would "earn up to 15 days a month" of "Earned Time Credit" under the First Step Act of 2018, Pub. L. No. 115-319, 132 Stat. 5194. [*Id.*]. He describes his attorney's alleged misadvice as "undue influence over [his] decision to plead guilty." [*Id.* at 4, 14]. In response, the United States asserts that Mr. Hitchcock's knowing and voluntary guilty plea upends his claim of ineffective assistance of counsel. [United States's Resp. at 3–5].

#### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).[7] To establish deficient performance, a petitioner

---

[7] "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted). Indeed, "[c]ounsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quotation omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)). Even if

must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must show that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process, *id.*, or in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.[8] A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either prong of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697.

*Strickland* applies to an attorney's alleged deficient actions in the guilty-plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The general rule, however, is that "a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008). This general rule forecloses Mr. Hitchcock's claim that his attorney "undu[ly] influence[d]" him to accept the United States's plea offer. [Def.'s Mot. at 14].

Mr. Hitchcock does not claim that he unknowingly or involuntarily entered into his plea agreement,[9] but even if he had made this claim, his sworn statements to the Court during the plea colloquy would stymie it. During the plea colloquy, he stated to the Court—under

---

a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Strickland*, 466 U.S. at 691 (citation omitted).

[8] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

[9] Mr. Hitchcock argues, for the first time in his reply brief, that he "disagrees that his plea agreement was knowingly [sic] and voluntary. [Pet'r's Reply at 3].The Sixth Circuit, however, has "consistently held . . . that arguments made . . . for the first time in a reply brief are waived." *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (citation omitted).

7

oath—that no one had attempted to persuade him to plead guilty by making any promise or assurance that was not present in the plea agreement. His "[s]olemn declarations in open court carry a strong presumption of verity," and his declarations, as well as the Court's findings, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), *see Marks v. Davis*, 504 F. App'x 383, 386 (6th Cir. 2012) (stating that "the plea transcript itself carries great weight" (citing *id.*)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry.'" (quotation omitted)). In fact, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

So when a petitioner, like Mr. Hitchcock, later tries to double back on sworn statements that he made in open court, he generally cannot succeed on a claim of ineffective assistance of counsel. *See United States v. Vargas-Gutierrez*, 464 F. App'x 492, 496 (6th Cir. 2012) ("A motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." (quoting *United States v. Shah*, 453 F.3d 520, 523 (D.C. Cir. 2006))); *see also Winans v. United States*, No. 17-1535, 2017 WL 8315838, at *3 (6th Cir. Oct. 20, 2017) ("This ineffective-assistance claim . . . is foreclosed by [petitioner's] knowing and voluntary guilty plea[.]"); *Villa-Rodriguez v. United States*, No. 2:15-cv-02690, 2016 WL 6277861, at *4, 6 (S.D. Ohio Oct. 27, 2016) ("Petitioner asserts that his trial attorney performed in a constitutionally ineffective manner," but "Petitioner will not now be heard to deny the facts to which he once agreed under oath."); *Dallas v. United States*, Civ. No. 12-15495, Crim. No. 10-20488, 2013

8

WL 3448249, at *4 (E.D. Mich. July 9, 2013) ("Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea . . . is not objectively unreasonable given the evidentiary basis for his guilty plea."); *Harrison v. Bauman*, No. 2:10–cv–188, 2012 WL 3206044, at *2 (W.D. Mich. Aug. 7, 2012) ("The Sixth Amendment claim of ineffective assistance of counsel is properly denied. [The petitioner] entered a knowing and voluntary plea of guilty[.]"); *Cordell v. United States*, Nos. 4:05-cv-47, 4:00-cr-13-01, 2008 WL 4568076, at *9 (E.D. Tenn. Oct. 14, 2008) ("[T]he ineffective assistance of counsel claim fails because [petitioner's plea was] knowing and voluntary[.]").

Even if Mr. Hitchcock's guilty plea was not knowing and voluntary, his claim would still lack merit because he cannot establish prejudice, the second prong of the *Strickland* test. To establish prejudice, he must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. "The test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Mr. Hitchcock fails to convince the Court that "there is a reasonable probability that, but for counsel's errors, []he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). Although he alleges that he "would have proceeded to trial" had his attorney not misled him about the First Step Act, he does nothing more with this skeletal allegation than echo the relevant legal standard. [Def.'s Mot. at 16]. His mere recitation of *Strickland*'s standard is not enough to make a viable showing of prejudice. *See Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) ("[A] petitioner 'cannot make that

9

showing [of prejudice] merely by telling [the court] now that []he would have gone to trial then if []he had gotten different advice.'" (second alteration in original) (quotation omitted)); *see also Moore v. United States*, 676 F. App'x 383, 385 (6th Cir. 2017) ("Echoing the *Strickland* standard, petitioner argues that but for counsel's erroneous advice, he would not have pleaded guilty. Why exactly, petitioner does not enlighten us.").

Besides, he makes no allegation—much less a showing—that his rejection of the plea agreement would have been rational under the circumstances, and the wisdom of any argument that he would have acted rationally by rejecting it is dubious at best. He received substantial benefits from the plea agreement, not least among which was a global resolution of the state charges in Sullivan County—charges on which the state prosecutor had intended to pursue an effective seventy-five-year sentence. That benefit alone outweighed any risk attendant with his acceptance of the plea agreement, especially in light of his admission to this Court, while under oath, that the facts in the factual basis of his plea agreement were true and accurate and those same facts also formed the nucleus for the charges in Sullivan County. *See* [PSR ¶¶ 17, 19, 56, 57, 82]; *see also Ellis v. United States*, No. 19-6047, 2020 WL 1272625, at *3 (6th Cir. Jan. 30, 2020) ("The benefits that [the petitioner] received by accepting the Rule 11(c)(1)(C) agreement outweighed the risks that he faced by rejecting it, and he has not shown that 'a decision to reject the plea bargain would have been rational.'" (quoting *Padilla*, 559 U.S. at 372)).

In sum, Mr. Hitchcock fails to show that his attorney rendered ineffective assistance of counsel, but even if she was ineffective, he fails to establish that he endured prejudice, having made no showing of a reasonable probability that he would have rejected the plea agreement if not for his attorney's alleged errors. His claim of ineffective assistance of counsel is therefore without merit, and he is not entitled to the extraordinary remedy of § 2255 relief.

## B. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Hitchcock to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Hitchcock's claim, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Hitchcock.

## IV. CONCLUSION

As the petitioner under § 2255, Mr. Hitchcock fails to meet his burden of establishing that his conviction and sentence are in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

**SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
